Opinion of the Court by
Judge Owsley.
[Absent Chief Justice Bibb.]
To recover two hundred and twenty dollars, Frank brought an action of debt against M’Murtry and Peebles, and declared upon a writing containing a stipulation to pay that amount, and which in the usual form, is alleged to have been sealed with their seals, &c.
Non est factum was pleaded.
On the trial in the circuit court, Frank introduced Francis Turner, by whom the writing purports to have been signed for M’Murtry and Peebles, as a witness to prove the due execution of the writing upon which the action is founded. The competency of Turner, as a witness, to prove the facts for which he was introduced, was objected to, because to the writing there appears to be a subscribing witness, who was not produced at the trial, and no reason was shewn for not producing him; but the objection was overruled, and the evidence of Turner admitted to go to the jury.
In overruling the objection to the evidence of Turner, we apprehend the court most clearly erred. There is perhaps no rule of evidence better settled, and none more frequently recognized, than that which requires the attesting witness to a deed, if in the power of the party to produce him, to be called to prove its execution.
That as a general principle, was conceded in argument, but it was contended that the reason of the rule does not apply to a case like the present. It was said, that in the general, subscribing witnesses are presumed to know more of the facts in relation to the execution of the deed which is attested by them than others, and hence, as was contended, the propriety of requiring, in the general, the produc *40 tion of the subscribing witness. But in this case, it was insisted, that Turner, by whom the writing upon which the action is founded, was executed, must be presumed to know as much of the facts in relation to the execution of the writing as the subscribing witness can possibly know, and it was earnestly and ingeniously urged, that although in the general, the subscribing witness should be called to prove the execution of a deed, the reason of the rule does not apply and require the exclusion of Turner’s evidence.
—The better reason for the preference of the subscrib-witness, is that he is the witness chosen by the parties.
Were there no other reason for the rule than that assumed in argument, there would certainly be great plausibility in the idea urged in the conclusion; for as the writing purports to have been signed by Turner for M’Murtry and Peebles, it would indeed be strange, that he should be held incompetent to prove the execution of the writing, because the subscribing witness is presumed to know better than him, the facts in relation to its execution. But the truth is, it is not only because the subscribing witness is presumed to know facts of which others are supposed to be ignorant, that the law requires the subscribing witness to be called to testify as to the execution of a deed. In the general, such a presumption would be the natural one, and we are aware, that in some of the elementary treatises upon evidence no other reason is assigned for requiring the production of the subscribing witness.
But in other treatises, which go more extensively into the rules and principles of evidence, the true reason for requiring the production of the subscribing witness, will be found not to rest upon such a presumption only. Thus in Starkie on Evidence, 1. Vol. 330 if is said: “The law requires the testimony of the subscribing witness, because the parties themselves, by selecting him as the witness, have mutually agreed to rest upon his testimony, in proof of the execution of the instrument, and of the circumstances which then took place, and because he knows those facts which are probably unknown to others."
An attorney to execute a sealed instrument for his principal must be constituted by a deed. The authority came to be confered by parol.
Triplett, for plaintiff; Mayes, for defendant
But were it conceded that Turner was a competent witness, and that his evidence was correctly allowed to go to the jury, still we should be of opinion, that after his testimony was heard, the court erred in deciding that the execution of the writing was sufficiently proved. The evidence of Turner went to prove, that the writing was subscribed, sealed and delivered, by him, whilst acting as the agent, of M’Murtry and Peebles; but he had no written authority from them to do so, nor was he, even by parol, expressly authorized to execute notes or bonds for them, but when the writing was executed by him, he was a clerk in their store, and acting as their general agent, &c.
This evidence was undoubtedly insufficient to prove an authority in Turner, to bind M’Murtry and Peebles, by such an instrument as that upon which this suit is founded. Giving to the evidence, its utmost weight in support of the instrument, it only goes to prove an authority given to him by parol, and the doctrine is well settled, that to confer an authority to make a deed the letter of attorney must possess the solemnities and dignity of a deed. It was in conformity to this principle, that the case of Trimble vs. Coons, 2. Marshall R. 375, was decided.
Other points were made in argument, but as this latter one must, we apprehend, be fatal to the action, we have not thought proper to notice them.
The judgment must be reversed with cost; the cause remanded to the court below, and the plaintiff in that court permitted, should he think it worth while to do so, to prosecute his cause conformable to this opinion.